**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| T.H., | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | **Case No. 1:25-cv-14 (ALS)** |
| | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### ORDER

This Social Security appeal is before the Court on Plaintiff's Motion for Attorney Fees. (Doc. 18). The Court entered an order reversing the Commissioner's decision in this matter pursuant to sentence four of 42 U.S.C. § 405(g) and remanding it to the administrative level for further proceedings. (Doc. 16). Plaintiff seeks attorney fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act ("EAJA"). (Doc. 18, at 1). Plaintiff seeks a total fee of $8,966.13 for 39.9 hours of work at inflation-adjusted rates. *Id.* at 4. The Commissioner does not oppose the fees sought by Plaintiff. *Id.*

### Discussion

The EAJA, as codified at § 2412(d)(1)(A), provides that

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Under § 2412(a), a judgment of costs may include the filing fee. A court may also award reasonable expenses of attorneys in addition to costs. 28 U.S.C. § 2412(b). "EAJA fees are

calculated under the lodestar method by examining the attorney's reasonable hours expended and her reasonable hourly rate[.]" *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010) (Sotomayor, J., concurring). The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *United States v. Aisenberg*, 358 F.3d 1327, 1342 (11th Cir. 2004).

In this case, the Commissioner does not challenge the amount of fees sought, Plaintiff's status as the prevailing party, or the justification for an award of attorney fees. (Doc. 18, at 4). When an award is appropriate, the Court must also review the petition to determine whether the number of hours requested, the hourly rate requested, and the resulting fees are reasonable. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff's itemized calculation of 39.9 hours[1] appears to be reasonable under the circumstances. *See N.S. v. Comm'r of Soc. Sec.*, 742 F. Supp. 3d 1338, 1344-49 (M.D. Ga. 2024) (granting an EAJA award for 56 hours)*; Tonya A. v. Comm'r of Soc. Sec*, No. 3:20-cv-28-RGV, 2022 WL 16709178, at *3 (N.D. Ga. July 11, 2022) (surveying Social Security disability cases which suggest a range of 40-60 hours may be reasonable in light of nature of the case). The Court also finds that the hourly rates requested are reasonable, as they are in line with the market rate for similar services in this District. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992) (EAJA hourly rate cap is adjusted for cost of living increases); *N.S.*, 742 F. Supp. 3d at 1344 (finding hourly rates of $244.62 and $249.80 reasonable based on the prevailing market rate). Plaintiff's counsel's hourly rate of $251.25 for 2.5 hours expended in 2024 is not in excess of the Consumer

---

[1] An account of time spent on this case by Ms. Treyvus and her paralegals can be found in Plaintiff's Unopposed Motion for Award of Attorney Fees. (Doc. 18). "[P]aralegal time is recoverable as part of a prevailing party's award for attorney's fees and expenses, [but] only to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (second alteration in original) (internal quotations omitted). Having reviewed the paralegal time submitted in this case, the Court finds it is recoverable as part of Plaintiff's award for attorney fees.

Price Index ("CPI") adjusted statutory rate.[2] *See Lawton v. Astrue*, No. 5:09-CV-239 (MTT), 2012 WL 1119459 at *1, n.1 (M.D. Ga. Apr. 3, 2012) (describing the formula for calculating the CPI adjusted rate). The CPI adjusted statutory rate for May 2025 is $258.08 per hour.[3] According to her timesheets, counsel's hourly rate for May 2025 is $260.00. (18-3, at 2). To the extent that counsel's hourly rate exceeds the CPI adjusted statutory rate by $1.92 per hour, the Court relies on its own expertise to find that counsel's May 2025 hourly rate of $260.00 is in line with prevailing market rates in this District. *See Moore v. Astrue*, No. 5:10-CV-300 (HL), 2012 WL 2343667, at *2 (M.D. Ga. June 20, 2012) (explaining that "courts in the Middle District regularly allow for upward adjustments when the market rate exceeds the statutory cap"); *see also N.S.*, 742 F. Supp. 3d at 1344 (quoting *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The Court 'is itself an expert on [reasonable hours and rates] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment." (alteration in original)). Further, the Commissioner does not oppose the fee requested by Plaintiff. (Doc. 18, at 4).

Accordingly, Plaintiff's Motion for Attorney Fees (Doc. 18) in the amount of $8,966.13 is **GRANTED**.

Plaintiff also assigned an award of attorney fees to his counsel. (Doc. 18, at 1, 16-17). However, as District Judge Self recently explained in another EAJA fee assignment case, that assignment is ineffective. Fees awarded under the EAJA "are claims against the United States, and any assignment of them must satisfy the Anti-Assignment Act." *N.S.*, 742 F. Supp. 3d at 1349

---

[2] A recent search of the Attorney Roll for the Middle District of Georgia shows that Attorney Kira Treyvus is admitted to practice in this District. U.S. District Court for the Middle District of Georgia, MIDDLE DISTRICT OF GEORGIA (accessed Aug. 19, 2025), https://gamd-ecf.sso.dcn/cgi-bin/GAMDFederalBar.pl (using the search term "TREYVUS").

[3] Consumer Price Index Historical tables for U.S. City Average, U.S. BUREAU OF LABOR STATISTICS (accessed Aug. 22, 2025), https://www.bls.gov/regions/mid-atlantic/data/consumerpriceindexhistorical_us_table.htm.

(citing 31 U.S.C. § 3727). Such claims against the United States "may be assigned only (1) after the claim is allowed; (2) after the amount of the claim is decided; (3) after a warrant for payment is issued; and (4) if the assignment specifies the warrant, is made freely, and is signed by two witnesses." *Id.* (citing in part 31 U.S.C. § 3727(b)). The party "making the assignment 'shall [also] acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment.'" *Id.* (citing 31 U.S.C. § 3727(b)) (alteration in original).

Here, Plaintiff's assignment was signed prior to the date on which this action was filed. He signed the assignment agreement on December 8, 2024, (Doc. 18-2, at 3), and he filed this appeal more than a month later, on January 20, 2025. (Doc. 1). The assignment agreement also does not mention a warrant for payment, nor does it have any witness signatures other than the attorney for the firm, and it has not been acknowledged by an appropriate official and thus lacks an official's certification. ((Doc. 18-2). While the Commissioner "may waive the Anti-Assignment Act's requirements and pay the EAJA fee award directly to Plaintiff's counsel[,]" that "decision . . . is for the Commissioner, not the Court." *N.S.*, 742 F. Supp. 3d at 1350. Consequently, the Court will award the fees directly to Plaintiff, and not his counsel. "If the Commissioner later determines that Plaintiff does not owe a debt to the United States, it may waive the Anti-Assignment Act's requirements and pay the EAJA fee award directly to Plaintiff's counsel." *M.B.B. v. Comm'r of Soc. Sec.*, No. 5:18-cv-117-TES-CHW, 2020 WL 2850900, at *2 (M.D. Ga. June 2, 2020) (citations omitted).

Accordingly, Plaintiff's Motion for Attorney Fees (Doc. 18) is **GRANTED**, and Plaintiff shall receive attorney fees in the amount of $8,966.13. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel. Notwithstanding this Order, should the Commissioner, after determining that Plaintiff does not

owe a federal debt, elect to waive the Anti-Assignment Act, the Court grants leave to the Parties to determine to whom the EAJA fees shall be paid.

**SO ORDERED**, this 25th day of August, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE